### STILLMAN, WELLS & Co. *vs.* TRUMAN BARNEY.

In an action on jail bond, the defendant pleaded *nul tiel record* of the judgement on which the bond was predicated, and the plaintiffs replied that defendant ought to be estopped from pleading said plea, because that, after the recovery of said judgement, the court awarded a new trial to the defendant on condition that he enter into a rule of record, that said bond should remain as security for any final judgement the plaintiffs might recover in the original action; that the defendant consented to said rule, and a new trial was had, in which the plaintiffs recovered judgement for a less sum than at the former trial. The defendant rejoined that he had paid and satisfied the judgement last recovered, and prayed judgement if he ought to be estopped from pleading *nul tiel record* of the judgement first recovered.—It was held on special demurrer to this rejoinder, that there was no impropriety in concluding by praying judgement whether defendant ought not to be estopped; and that the replication, pleading the rule of court as an estoppel to the defendant's plea of *nul tiel record*, was sufficient.

Where a new trial was granted in an action under a rule, that a certain jail bond which had been given in the case should remain as security for any final judgement the plaintiffs might recover in the original action, and a new trial was accordingly had, in which the plaintiffs recovered a judgement for a less sum than in the former trial, which the defendant afterwards paid,—it was held that such payment would not bar a recovery in an action on the bond.

CHITTENDEN,    This was an action of debt on a jail bond, in common form,
January,       counting upon a judgement in favor of the plaintiffs against the de-
1832.
               fendant, rendered by Chittenden county court, at their March
Stillman et al.
     vs.       term, 1826, for $136 damages, and $26,24 costs ; and setting forth
  Barney.      the issuing of execution on the same on the 12th of April, 1826,
the commitment of the defendant to jail, the execution of the bond
on the 9th of June, 1826, and a subsequent escape. The writ
was dated February 28, 1827, and served the 14th of March,
following. The defendant pleaded in bar, "that there was not
any record of the supposed recovery in the said declaration men-
tioned." &c.

To this plea, the plaintiffs replied as follows :

" And the plaintiffs, as to the plea by the defendant first above
pleaded, by special leave of the court for that purpose first had
and obtained, say, that, the said defendant ought not to be admit-
ted to say and allege that there is no such record as in said de-
claration mentioned, because they say, that at the term of the
county court holden at Burlington, within and for the county of
Chittenden, at the time in that behalf in plaintiff's declaration set
forth, the plaintiffs did, by the consideration and judgement of the
said court, recover such judgement as is in that behalf in plaintiffs'
declaration above alleged ; and afterwards, to wit, at the term of
the county court, holden at Burlington, within and for the county
of Chittenden, on the last Tuesday of March, 1828, upon motion
of defendant, by him, at a previous term of the same court, filed
in due form of law, a new trial in the plaintiffs said original action
was, by the consideration and judgement of the said court, grant-
ed to the defendant ; and the said court then and there, at the time
of granting the said new trial, as aforesaid, did, by rule of court,
duly entered of record, order that the said new trial should be
granted to the said defendant, on his the defendant's entering into a
rule of record, that the said bond in plaintiffs' declaration men-
tioned, and the suit thereon, should remain as security to the plain-
tiffs for any final judgement the said plaintiffs might recover in
their said original action ; and the said defendant voluntarily sub-
mitted, and entered into the said rule. And the said new trial
having been granted to the defendant as aforesaid, such proceed-
ings were thereupon had in the said original action, that the plain-
tiffs afterwards, to wit, at the term of the county court holden at
Burlington, in the county of Chittenden, by adjournment, on the
fourth Monday, being the 22d day of June, 1829, by the consider-
ation and judgement of said court, recovered judgement against
the defendant in their said original action, for the sum of seventy-
seven dollars and twenty-one cents, which was then and there by
the said court adjudged to the plaintiffs for their damages, which
they had sustained as well by reason of the nonperformance by

the defendant of certain promises and undertakings by the defen- <span>CHITTENDEN, <br/>January, <br/>1832.</span>
dant, then lately made to the plaintiffs, and set forth in plaintiffs' said
original action, as for their cost and charges by them in and about
their said original suit in that behalf expended, whereof the said <span>Stillman et al.<br/>vs.<br/>Barney.</span>
defendant was convicted; all which by the record and proceedings,
thereof remaining in the said county court, fully appears, and the
plaintiffs are ready to verify the same by the said record, when,
where, and in such manner, as the court here shall direct and
award : and they pray that the said record may be inspected and
seen by the said court here, and judgement whether the said de-
fendant ought not to be estopped from pleading the said plea by
him above pleaded."

The defendant rejoined, as follows :

"And the said *Truman Barney* rejoins and says, that for
any thing in said replication contained, he ought not to be
estopped from pleading his said plea and denying the said rec-
ord, as in his said plea he has done, because he says, that though
true it is, that the plaintiffs, by the consideration of the said county
court, on the said fourth Monday of June, 1829, did recover a
judgement in their favor against the said *Truman*, as they have
set forth, yet that the plaintiffs have received satisfaction for said
judgement; and that this defendant, on the first day of August,
1829, paid to them the full amount of the said judgement : and
this he is ready to verify. Wherefore, he prays judgement if he
ought to be estopped from denying the said record, and that he
have his cost."

The plaintiffs demurred, specially assigning as causes of demur-
rer the following :

1. "Because in pretending to plead payment of the judgement
in plaintiffs' declaration mentioned, defendant begins and concludes
his rejoinder by insisting that he ought not to be estopped from
pleading *nul tiel record*. 2. Because, defendant attempts to sup-
port a plea of *nul tiel record*, by alleging a fact which admits the
existence and validity of the record or judgement."

The cause was argued by *Bailey and Marsh*, for plaintiffs, and
by *Adams*, for defendant.

PHELPS, J.—Two causes of demurrer are specially assigned
in this case ; one relating to the form of the plea, and the other
consisting in a supposed departure of the rejoinder from the plea.
As to the former, it is to be observed, that the plaintiffs' replica-
tion impliedly admits the truth of the defendant's plea, but attempts
to avoid it, by urging the rule of court set forth in the replication,
as matter of estoppel. There seems to be no impropriety, there-
fore, in concluding by praying judgement, whether the defendant

Chittenden,
January,
1832.

Stillman et al.
vs.
Barney.

ought not to be estopped, &c., inasmuch as the term estopped is to be understood as synonymous with the expression, barred, or precluded, in a plea ; and, if the conclusion is proper in the pleading on one side, it is undoubtedly so on the other. With respect to the supposed departure in the defendant's pleading, it is sufficient to remark, that the rejoinder refers, not to the judgement set forth in the declaration, but to that specified in the replication ; and there is evidently no departure or inconsistency in pleading *nul tiel record* to the one, and payment or satisfaction to the other.

The important question in the case, however, is as to the sufficiency of the replication and rejoinder, in point of substance ; and this depends upon the construction and effect, which may be given to the rule of court upon which the plaintiffs rely.

The obvious purpose of that rule was, to give the plaintiffs a valid and available security for whatever might be ultimately recovered. Without such a rule, the vacating the original judgement would have necessarily annulled the bond. The plea of *nul tiel record* would have been a good defence to the action. To exclude this defence, the only thing to be guarded against, was the rule entered. It is obvious that this rule could not, and did not, vary the nature or terms of the bond ; and that it could operate effectually, in no other way, than by estopping the defendant from pleading this defence. If it has not this operation, it is utterly nugatory. It is however contended, that the proper mode of enforcing the rule was to refuse to receive the plea, and that it was not proper to plead the rule as an estoppel. It is undoubtedly true, that the court might have treated the plea as a nullity, and rendered judgement as for want of a plea. But it by no means follows, that the rule might not be pleaded as an estoppel. Any matter of record, which concludes the party, may be so pleaded. This is not only proper, but, had the rule been entered in any other court than that in which this action was tried, it would have been the only mode in which it could be enforced. It certainly is not competent for the defendant to object, that his plea ought not to have been received ; and there is moreover an absurdity in contending that a plea, which, for any reasons ought to be treated as a nullity, should, when those reasons appear of record, be adjudged good upon demurrer.

If then the replication is sufficient, the next inquiry is as to the rejoinder.

This sets forth, simply, a satisfaction of judgement ultimately recovered in the original suit ; and it is insisted, that such satisfac-

CHITTENDEN
January,
1832.

Stillman et al.
vs.
Barney.

tion vacates the rule. But it is to be borne in mind, that the rule was entered into on the occasion, and as a condition, of granting the new trial ; and so long as the defendant has the benefit of the order vacating the first judgement,so long are the plaintiffs entitled to the benefit of the rule. In truth,they are neither of them vacated ; nor can they be, except by a court having competent jurisdiction. They may be satisfied, but must forever remain in force, in the same manner, that a judgement satisfied is in force for the mutual security of the parties. The consequence is, that, as the plaintiffs could never prosecute their original judgement, which was vacated, so, on the other hand, they are forever protected by the rule in question. At all events, if that rule was intended to shut out this defence, it is idle and nugatory, unless it so operate until a final decision in the suit.

Another view may be taken of this subject. Laying out of consideration the chancery powers of the court, the plaintiffs were certainly entitled, in strictness of law, at the commencement of this action, to a judgement for the penalty of this bond. They were so entitled until the new trial was granted ; and if the intent and effect of the rule be, as we suppose, to save that right of action, it was saved as a right to recover the penalty. The Court might (and such we believe would have been the proper course) have rendered judgement on the bond, and directed the judgement to stand as a security. If that had been done, it is obvious that no other rule of damages than the penal sum could then have been adopted. As this was not done, but the right of action saved, with a view to secure a claim which was the object of future adjudication, it is clear that the right could have been nothing less than a right to the penalty. If this be so, then payment of the less sum finally recovered in the original suit, is no satisfaction of the bond, but the defendant is driven for relief to the equitable powers of the court.

Considering the rule in question, without reference to its technical operation, but with a view to the obvious and admitted intention and understanding of the parties, we must regard the bond in suit as having been made a collateral security for the original demand : and we take the law to be, in such cases, that the party may prosecute both suits to judgement, and, although he is entitled to but one satisfaction for his debt or damages, he is, unless restricted by statute, entitled to the costs of each.

The result to which we have been led is most obviously just. It certainly never was the intention of the court, nor could it have

CHITTENDEN
*January,*
1832.
—————
Stillman et al.
*vs.*
Barney.

been the understanding of the parties, that the plaintiffs should be furnished with a security, which should thus recoil upon themselves. The instant that final judgement was rendered in the original action, it was in the power of the defendant to satisfy that judgement, without the concurrence of the plaintiffs : and if the course taken by him be sanctioned, the plaintiffs are entrapped by a proceeding intended for their security. This certainly was not the original design, and is most manifestly unjust.

The rejoinder is adjudged insufficient, and

Judgement is rendered for the plaintiffs.